UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSHUA GOODWIN,

                Plaintiff,

      -vs-                      **No. 1:11-CV-01032(MAT)**
                                        **DECISION AND ORDER**
MR. DAVID NAPOLI, Supt.,
MR. S. POST, Sgt.,
MR. P. JAYNE, C.O.,
ADMINI - MS. FELKER,
NURSE DIANE WEED,
C.O. J BERBARR, and
C.O. CLEVELAND

                Defendants.

---

## I. Introduction

Proceeding *pro se*, Joshua Goodwin ("plaintiff"), a New York State prisoner, brings this action pursuant to 42 U.S.C. § 1983, alleging claims of deliberate indifference to medical needs in violation of the Eighth Amendment. This case was originally assigned to District Judge Lawrence J. Vilardo,[1] who referred it to Magistrate Judge Leslie G. Foschio for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised in defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. Judge Foschio issued an R&R on September 8, 2016, in which he recommended that defendants' motion be granted in its entirety. See doc. 34. On September 22, 2016, plaintiff filed objections to the R&R. See doc. 35. For the reasons discussed

---

[1] By order dated --, Judge Vilardo transferred the instant matter to this Court.

below, the Court adopts the R&R and grants defendants' motion for summary judgment in its entirety.

## II.  The Report and Recommendation[2]

Defendants' motion for summary judgment argues that plaintiff has failed to state a cognizable claim of deliberate indifference under the Eighth Amendment, and that at best, defendants' actions amount merely to negligence and do not rise to the level of an Eighth Amendment violation. See doc. 24-2. The R&R found that the record is devoid of any material issue of fact with regard to either of plaintiff's two deliberate indifference claims. Accordingly, the R&R recommended that defendants' motion be granted and the case dismissed. Plaintiff's objections to the R&R (doc. 35) generally reiterate his claims in the complaint.

## III. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the movant has met this burden, the burden shifts to the nonmovant who must "come forward with evidence to allow a reasonable jury to find in his favor." Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2d Cir. 2001); see also Celotex Corp. v. Catrett, 477

---

[2]  This Court refers to Judge Foschio's R&R, see doc. 34 at 3-8, for a thorough summary of the factual background of this matter.

U.S. 317, 325-27 (1986). The court must draw all factual inferences, and view the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Celotex, 477 U.S. at 322. However, a nonmovant benefits from such factual inferences "only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007), quoting Fed. R. Civ. P. 56(c).

Where, as here, the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings . . . liberally and interpret them to raise the strongest arguments that they suggest." Corcoran, 202 F.3d at 536. However, "proceeding *pro se* does not otherwise relieve [the plaintiff] from the usual requirements of summary judgment." Fitzpatrick v. N.Y. Cornell Hosp., 2003 WL 102853, *5 (S.D.N.Y. Jan. 9, 2003).

In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for

3

clear error." Zaretsky v. Maxi-Aids, Inc., 2012 WL 2345181, *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted). Even where a plaintiff proceeds *pro se*, objections to an R&R will be reviewed for clear error where they "merely reiterate[] [his] original arguments and state[] a general disagreement with the outcome of the R&R." Freeman v. Dep't of Env. Prot., 2013 Wl 801684, *2 (E.D.N.Y. Mar. 5, 2013); see Almonte v. N.Y.S. Div. of Parole, 2006 WL 149049, *4-5 (N.D.N.Y. Jan. 18, 2006) (explaining that resubmitting the same arguments previously made "fails to comply with the specificity requirement"). Here, because plaintiff's objections are quite general, the Court reviews the R&R for clear error.

**IV. Discussion**

Having reviewed the R&R for clear error, the Court finds none. Plaintiff's claims center on his need for a knee brace due to arthritis of the knees and back. As the R&R found, the evidence establishes plaintiff's concession that, as of the date of the first incident claimed, he was required to possess a permit for a medical assistive device, yet he let this permit lapse after a transfer from Five Points Correctional Facility to Southport. As Judge Foschio noted, requiring a prisoner to possess a permit for a medical assistive device does not in itself amount to deliberate indifference in violation of the Eighth Amendment. See doc. 34 at 15 (citing Grant v. Smaldone, 2009 WL 2823736, *7 (N.D.N.Y. Aug. 31, 2009)). Moreover, the facts established at the summary

4

judgment stage demonstrate that none of the defendants acted with the requisite deliberate indifference necessary to establish such a claim. Id. at 15-16.

Further, as Judge Foschio found, regarding the second incident claimed in the complaint, "there is no evidence in the record from which a reasonable jury could conclude that [p]laintiff protested ascending the stairs . . ., advised [d]efendants of [his] permit, or that [d]efendants insisted [p]laintiff ascend the stairs despite such protest." Id. at 18. The Court also agrees with the R&R's finding that, to the extent this complaint alleges a due process claim, no reasonable view of the evidence supports the existence of such claim. Accordingly, the Court adopts the R&R in its entirety, grants defendants' motion for summary judgment in its entirety, and dismisses the complaint with prejudice.

**V.  Conclusion**

For the reasons stated above as well as those set forth in the R&R, the Court hereby adopts the R&R (doc. 34) in its entirety. Defendants' motion for summary judgment (doc. 24) is granted in its entirety. Plaintiff's objections to the R&R (doc. 35) are overruled. The Clerk of the Court is directed to close this case.

ALL OF THE ABOVE IS SO ORDERED.

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   May 1, 2017
         Rochester, New York.